IN THE UNITED STATES DISTRICT COURT
FOR THE SOTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY W. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | Cause No. 1:18-cv-613 |
| CITY OF CARMEL, Acting by and Through ) | |
| its Legal Department, and DOUGLAS C. ) | |
| HANEY, ) | |
| ) | |
| Defendants. ) | |

## **C O M P L A I N T**

Plaintiff Gary W. Brooks respectfully makes his Complaint for Damages and Permanent Injunction, and avers as follows:

### **Nature of Case**

1. This lawsuit seeks redress from municipal officials who discriminated against Plaintiff on the basis of his disability and subjected him to excessive force.

### **Jurisdiction**

2. Plaintiff brings this action pursuant to the Americans with Disabilities Act and 42 U.S.C. § 1983 to redress Defendants' violations of his rights under the First and Fourth Amendment of the U.S. Constitution.  This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. § 1333 and § 1343.

3. Venue is proper in the Indianapolis Division because the Defendants reside in this division and the events complained of occurred in this division.

4. This Court has supplemental jurisdiction to hear the pendant Indiana law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same incident as the federal claims.

5. Plaintiff timely served a Tort Claim Notice on Defendants on November 15, 2017.

### Parties

6. Gary W. Brooks is an adult U.S. citizen who resides in Hamilton County, Indiana.

7. The City of Carmel is a government unit located in Hamilton County, Indiana.

8. Douglas C. Haney is an adult U.S. citizen who resides in Hamilton County, Indiana.

### Factual Allegations

9. Gary W. Brooks ("Brooks") suffered a brain aneurism in 1995 that required major surgery.

10. Brooks recovered from the aneurism but suffered severe memory loss and to this day has trouble forming new memories.

11. To cope with this memory dysfunction, Brooks makes audiovisual recordings of his important daily activities, including any interaction he has with government officials.

12. As a resident of Carmel, Indiana he periodically needs to conduct business in a Carmel city office and when he does so he carries video recorder strapped to his chest and plainly visible that makes audio as well as visual recordings.

13. Since at least 2012, however, any time Brooks has visited a Carmel City office, City officials have told him that he is forbidden to make recordings even in areas of the office that are open to the public.

14. When Brooks visits a Carmel City office he is told that he must either cease recording or leave the office, and that if he does not comply the police will forcibly remove him.

15. Brooks visited the Carmel's Zoning Department on March 4, 2016 regarding property he owns in Carmel.

16. When he approached the front desk he was told that he must cease recording or leave, but Brooks refused to do so.

17. As Brooks was attempting to conduct his business in the Zoning Department, Carmel City Attorney Douglas C. Haney ("Haney") appeared and confronted Brooks.

18. Haney told Brooks that he could either conduct his business via written correspondence or come in person but cease recording, and that if he continued recording he would have to leave the building.

19. When Brooks refused to comply with Haney's order to leave, Haney placed his stomach on Brooks' chest and pushed him backwards until Brooks was ejected from the office.

20. Brooks visited the Carmel Legal Department on May 18, 2017 to drop off a request form to obtain an accident report.

21. When receptionist told Brooks that he must either cease recording or leave, Brooks explained that what he needed to do would only take seconds and then he would leave, but the receptionist refused to serve Brooks.

22. As Brooks was conversing with the receptionist Haney emerged from the inner office and confronted Brooks.

23. Haney ordered Brooks to either cease recording or leave the office.

24. When Brooks refused to leave, Haney shoved Brooks against a wall, spraining his wrist.

25. Carmel officials have continued to refuse to serve Brooks while he wears the recording device.

26. The City of Carmel maintains a custom, policy, or practice of refusing to permit persons to record themselves in the public areas of City offices.

27. At all relevant times Haney acted in the scope of his employment by the City of Carmel and under color of Indiana law.

28. Brooks has been damaged by his inability to record his activities, which recordings function as his memory of his daily business, and by pain and weakness in his wrist.

## **Legal Claims**

29. The City's refusal to allow Brooks to record himself in public despite his known disability violates Title II of the Americans with Disabilities Act.

30. The City and Haney's refusal to allow Brooks to record himself in public violates his right of free expression under the First Amendment.

31. Haney's attempts to remove Brooks from City offices by physical force constitute excessive force in violation of the Fourth Amendment.

32. Haney conspired with the City and other officials to deprive Brooks of his civil rights in violation of 42 U.S.C. § 1985.

33. Haney's actions constitute battery and intentional infliction of emotional distress under Indiana law.

## **Relief**

34. Plaintiff seeks all relief allowable by law, including, compensatory and punitive damages, costs, and attorney's fees.

35. The Court should issue a permanent injunction forbidding the Defendants from interfering with his right to record himself in the publicly accessible parts of City offices.

**WHEREFORE,** Plaintiff prays that the Court will enter judgment in his favor and against Defendants, and grant him all just and proper relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, #16791-49
BROWN TOMPKINS LORY
608 East Market Street
Indianapolis, IN 46202
Telephone: (317) 631-6866
Facsimile: (317) 685-2329

Attorney for Plaintiff