IN THE UNITED STATES DISTRICT COURT
Southern District of Indiana
Indianapolis Division

| | |
|---|---|
| GARY W. BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00613-TWP-TAB |
| | ) |
| CITY OF CARMEL, Acting by and through its Legal Department, and DOUGLAS C. HANEY, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, by counsel, pursuant to Fed. R. Civ. P. 56, move the Court for entry of judgment in their favor as to all of Plaintiff's claims as there is no genuine issue as to any material fact, and Defendants are, therefore, entitled to judgment as a matter of law.

Plaintiff Gary W. Brooks claims that the City of Carmel policy of certain executive branch departments disallowing audio and video recording within the inner offices and work areas of the City departments violates his rights under the Americans with Disabilities Act ("ADA") and the First Amendment. Additionally, Plaintiff contends that his Fourth Amendment rights were violated by Defendant Douglas Haney, now the Corporation Counsel for the City, during two particular visits Brooks made to City offices in 2016-2017. Finally, Plaintiff

1

contends that Haney's actions during these two visits support claims for civil battery and intentional infliction of emotional distress under Indiana state law.

Defendants are entitled to summary judgment on these claims for the following reasons. First, Brooks was not deprived of city services as a result of the City policy and thus his ADA claim fails. Even if he was deprived of City services, such deprivation was not caused by the deliberate indifference of the City and thus he is not entitled to damages. Second, Plaintiff cannot recover under the First Amendment because the recordings he made and seeks to make at the City are for his personal use and not to convey a message and therefore not entitled to First Amendment protections. Alternatively, Haney is entitled to qualified immunity for the alleged First Amendment protections. Third, the Fourth Amendment does not apply to the interaction between Brooks and Haney on the two particular visits in 2016-2017 because Haney was not involved in any investigation where Fourth Amendment protections were implicated. Also, Haney did not seize Brooks. Alternatively, Haney is entitled to qualified immunity. Fourth, Haney did not act with sufficient intent to do harm when there was an inadvertent touching between Brooks and Haney and thus the battery claim fails. Finally, the type of outrageous conduct necessary to support a claim for intentional infliction of emotional distress is absent from the facts in this case.

In support of this motion, Defendants file contemporaneously herewith their supporting memorandum and designation of evidence.

          Respectfully submitted,

          **TRAVELERS STAFF COUNSEL INDIANA**

By:   */s/ Paul T. Belch*
          Paul T. Belch, 18533-49

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically using the Case Management/Electronic Case Files ("CM/ECF") system and served upon registered counsel of record via the CM/ECF system on May 7, 2019:

By:   */s/ Paul T. Belch*
          Paul T. Belch, 18533-49

TRAVELERS STAFF COUNSEL INDIANA
280 East 96th Street, Suite 325, Indianapolis, IN 46240
**_Mailing Address_**: P. O. Box 64093, St. Paul, MN 55164-0093
PH (317) 818-5111
FX (317) 818-5124
pbelch@travelers.com

PTB:gb