UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY W. BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00613-TWP-TAB |
| ) | |
| CITY OF CARMEL and ) | |
| DOUGLAS C. HANEY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION *IN LIMINE***

This matter is before the Court on a Motion *in Limine* filed by Defendants City of Carmel ("Carmel") and Douglas C. Haney ("Haney") (collectively, "Defendants") (Filing No. 65). Because of a disability involving his memory, Plaintiff Gary W. Brooks ("Brooks") audio-video records some of his personal interactions to preserve "memories" of those interactions. After having two confrontations with Haney over Brooks' recording inside Carmel city offices, Brooks initiated this lawsuit, bringing claims for violation of Title II of the Americans with Disabilities Act ("ADA"), violation of First and Fourth Amendment rights, and battery.

The Defendants filed a motion for summary judgment, which was granted in part and denied in part. Summary judgment was granted on Brooks' Title II ADA claim, Fourth Amendment claim, and the March 2016 battery claim. Summary judgment was denied as to Brooks' First Amendment claim; however, the Court concluded that Haney is entitled to qualified immunity against the First Amendment claim. Summary judgment also was denied as to Brooks' May 2017 battery claim (*see* Filing No. 53 at 29). With the First Amendment claim and the May 2017 battery claim proceeding to trial, the Defendants filed their Motion *in Limine*. Brooks has

not responded. For the following reasons, the Defendants' Motion is **granted in part and denied in part**.

## I.   LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II.   DISCUSSION

In their Motion *in Limine*, the Defendants ask the Court to make a pretrial determination regarding the admissibility of particular evidence or argument. The Court will address each request in turn.

### A.   Defendants are insured and defense counsel works for an insurance company

The Defendants argue that Brooks should not be allowed to mention that the Defendants are insured and that defense counsel works for an insurance company because such evidence is not admissible. *See* Fed. R. Evid. 411. They assert that it is reversible error to inform the jury about indemnification in § 1983 cases. *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986). Furthermore, courts generally "exclude evidence of indemnification out of a fear that it will

encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill." *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998).

The Defendants' argument and case law is well-taken regarding evidence about insurance and indemnification. Therefore, the Court **grants** the Motion *in Limine*, and Brooks may not argue or present evidence about the fact that the Defendants are insured and defense counsel works for an insurance company.

### B.     The wealth, assets, or financial position of Carmel

Next, the Defendants argue that any testimony regarding Carmel's worth is irrelevant and would not provide the jury any evidence germane to its task of determining if a violation of Brooks' rights occurred. *See, e.g.*, *Igo v. Coachman Indust., Inc.*, 938 F.2d 650, 652–53 (6th Cir. 1991) (finding it error for district court to allow reference to defendant's wealth at trial).

Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible." At this stage, and without a response from Brooks, the Court is unaware of any relevant or admissible purpose for allowing evidence about Carmel's wealth, assets, or financial position. Therefore, the Court **grants** the Motion *in Limine* on this point, and Brooks may not present evidence or argument concerning Carmel's wealth, assets, or financial position.

### C.     Any evidence of medical damages or injuries

The Defendants point out that Brooks failed to disclose any expert witnesses, and thus, they argue, any testimony concerning medical conditions that would require medical expertise is barred by Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2). They assert that under Indiana law, to receive a damage award covering medical expenses incurred as the result of an injury, it must be proven at trial that the expenses were both reasonable and necessary. *Smith v. Syd's, Inc.*, 598 N.E.2d 1065, 1066 (Ind. 1992). "The necessity of the expenses must be proven

as well." *Id.* Because Brooks has no medical expert to testify how any medical damages or injuries could be related to the incident in question, the Defendants argue that any evidence or testimony of this kind should be barred.

At this pretrial stage, the Court cannot conclude that this evidence clearly is not admissible for any purpose, and thus determines that this evidentiary ruling must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. Thus, the Motion *in Limine* is **denied** as to this evidence.

**D.**     **Any expert witness testimony offered for which no expert report has been tendered**

Next, the Defendants assert that Federal Rule of Civil Procedure 26(a)(2)(B) states that any expert must disclose, through a written report signed by the witness, "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them . . . ." These materials must be disclosed regardless of whether they were requested during discovery. The Seventh Circuit has held that exclusion of the expert witness and exhibits is automatic and mandatory unless the party to be sanctioned can demonstrate that its violation of Rule 26(a) was either harmless or justified. *Finley v. Marathon Oil Company*, 75 F.3d 1225, 1230 (7th Cir. 1996). The Defendants argue that Brooks can demonstrate no such circumstances here.

Because Brooks did not disclose any expert witnesses or provide an expert report pursuant to Rule 26(a), the Court concludes that, pursuant to Rule 37(c), Brooks may not present any expert testimony during trial. The Motion *in Limine* is **granted** as to this evidence.

**E.**     **Alleged misconduct of Defendants' witness**

The Defendants ask the Court to exclude any argument, questions, testimony, or evidence regarding any prior workplace allegations made by any former or current Carmel city employee

against Haney. Such evidence would be offered to show that Haney was or is a person of poor character and therefore either capable of official misconduct or not worthy of belief. Any prior disciplinary action against Haney, to the extent such exists, should be barred because it is irrelevant to and not probative of the isolated incidents in this case. *See* Fed. R. Evid. 401. Any evidence of "prior bad acts"—demotions, suspensions, or allegations of misconduct—is not admissible to prove a defendant's or another witness's character. *See* Fed. R. Evid. 404(b), 608(b); *Harris v. City of Chicago*, 2017 WL 2462197, at *3 (N.D. Ill. June 7, 2017) (granting defendants' motion *in limine* seeking to bar disciplinary history under Rule 404(b)). Moreover, the Defendants argue, the probative value of such evidence (if any) is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the danger of potentially misleading the jury. *See* Fed. R. Evid. 403; *Heflin v. City of Chicago*, 1996 WL 28238 (N.D. Ill. Jan. 22, 1996).

Because Brooks has not provided a response to this request for exclusion, pursuant to Rules 401, 403, 404, and 608, the Court **grants** the Motion *in Limine* to exclude evidence of any "prior bad acts" of Haney. The Court's ruling is without prejudice, and if Brooks believes the Defendants open the door to the use of such evidence for a permissible purpose during trial, Brooks may raise the issue with the Court outside the presence of the jury.

F. **Brooks' dismissed claims in this lawsuit**

The Defendants additionally ask the Court to exclude any argument, questions, testimony, or evidence regarding Brooks' dismissed claims. The Court granted in part the Defendants' motion for summary judgment and dismissed Brooks' ADA claim, Fourth Amendment claim, and state law battery claim involving the incident that occurred in March 2016. Reference to those dismissed claims would result in confusion of the issues and would require the Defendants to introduce additional testimony and evidence refuting Brooks' dismissed and denied claims. *See*

5

Fed. R. Evid. 401, 402 and 403; *Sturm v. Hedges*, 2017 WL 11001656, at *5 (S.D. Ind. June 21, 2017) (granting defendant's motion *in limine* seeking to exclude evidence or argument regarding dismissed parties, dismissed claims, and attempted claims that plaintiff was not allowed to add to the lawsuit as irrelevant to the issues at trial).

The Defendants' argument is well-taken regarding evidence or argument that Brooks filed an ADA claim, Fourth Amendment claim, and state law battery claim involving the incident that occurred in March 2016 which were all dismissed claims. The Court **grants** the Motion *in Limine* regarding this evidence. Brooks may not argue or present evidence that certain claims were dismissed pursuant to the summary judgment Order. The Court, however, declines to exclude all evidence regarding the incidents surrounding the dismissed claims. Without a response from Brooks, the Court is unable to determine whether such evidence might be relevant when presenting evidence concerning the claims proceeding to trial. The Court takes this portion of the Motion **under advisement** for discussion at the final pretrial conference.

**G.**     **Settlement discussions between the parties**

Next, the Defendants ask the Court to exclude any argument, questions, testimony, or evidence regarding settlement negotiations. Evidence of offers to compromise or statements made in settlement negotiations is expressly made inadmissible by Evidence Rule 408. The purpose of Rule 408 is to encourage settlements. Settlement negotiations may be chilled if parties feared their efforts would become evidence of liability at a later trial. *Kritikos v. Palmer Johnson, Inc.*, 821 F.2d 418, 423 (7th Cir. 1987). Thus, the Defendants argue, the Court should prohibit any reference by any of the parties or witnesses to settlement negotiations that have taken place in connection with this matter. This argument is well-taken, and the Motion is **granted**.

### H. Any "golden rule" argument to the jurors

The Defendants ask the Court to enter an order excluding the so-called "golden rule" appeal, which asks the jurors to place themselves in the plaintiff's shoes. As the Seventh Circuit has explained, it "is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)). This argument is well-taken, and the Motion is **granted**.

### I. Any evidence related to attorneys' fees

Finally, the Defendants assert that the Court should exclude any evidence of attorneys' fees. They argue that no party should be permitted to introduce any evidence to the jury about possible attorneys' fees or potential costs of legal expenses because attorneys' fees are a matter to be assessed by the Court, not by a jury. *See* 42 U.S.C. § 1988. The jury's role is to determine liability and damages. In the event that the jury finds against the Defendants, it is the Court, not the jury, that would address attorneys' fees. This argument is well-taken, and the Motion is **granted**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Defendants' Motion *in Limine* (Filing No. 65). An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 11/16/2020

*[signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@tlawindy.com

Paul Thomas Belch
TRAVELERS STAFF COUNSEL INDIANA
pbelch@travelers.com

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com